# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WANDA M. MOSLEY,<br>     Appellant, | DOCKET NUMBER<br>AT-0353-11-0927-X-1 |
|   v. | |
| UNITED STATES POSTAL SERVICE,<br>     Agency. | DATE: December 16, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Champion, Memphis, Tennessee, for the appellant.

Sandra W. Bowens, Esquire, Memphis, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant filed a petition for enforcement of the Board's Final Order in MSPB Docket No. AT-0353-11-0927-I-1, and the administrative judge determined in the compliance initial decision that the agency was not in compliance with the Board's order. MSPB Docket No. AT-0353-11-0927-C-3,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Compliance File (CF), Tab 15, Compliance Initial Decision (CID). Specifically, the administrative judge found that the appellant was entitled to back pay, with interest and adjusted benefits, for the period from June 3, 2010, through May 31, 2012.[2] CID at 7-8. The case was then forwarded to the Board for review of the initial decision and the subsequent written submissions of the parties. *See* 5 C.F.R. § 1201.183(c).

¶2    On September 30, 2013, the Board ordered the agency to explain its methodology in computing the appellant's back pay hours, including her entitlement to overtime, premium pay, and night differential, and in restoring her sick and annual leave accounts. CRF, Tab 8 at 2. The agency has responded with evidence and narrative explanations, *see* CRF, Tabs 10, 12-13, and the appellant has replied to the agency's submissions, *see* CRF, Tabs 11, 14-15. We find that the agency has established its compliance with the Board's order.

The agency has shown that it properly computed the appellant's back pay award.

¶3    The agency determined that the appellant was entitled to 2,538.66 regular hours of back pay based on her work history as reflected in the agency's Time and Attendance Collections System (TACS) reports. *See* CRF, Tab 10, Exhibit A (Declaration of Labor Relations Specialist for the agency's Tennessee District at ¶ 3 & Attachment 4). The appellant states that that the TACS records "have been errored and improperly reflecting appellant's proper back pay hours." CRF, Tab 14 at 2. The appellant does not, however, identify any specific errors in the reports. The agency's Labor Relations Specialist indicated that where she "made a mistake recording [on PS Form 8039] the regular work hours reflected in the TACS records, the Accounting Service Center brought the error to [her] attention

---

[2] As the agency correctly notes, the back pay period for computation purposes effectively ends on January 31, 2012, because the appellant received interim relief beginning on February 1, 2012, and then returned to duty on March 5, 2012. MSPB Docket No. AT-0353-11-0927-X-1, Compliance Referral File (CRF), Tab 3 at 5 n.2.

for correction." CRF, Tab 10, Exhibit A at ¶ 3. She did not state that there were errors in the TACS records themselves.

¶4 Based on a review of the appellant's pay history during the year prior to the back pay period, the agency found that the appellant did not have a history of working overtime and therefore did not award her overtime for the back pay period. *Id.* at ¶ 7. The appellant states that the agency's determination "is overruling the Board decision." CRF, Tab 14 at 4. The Board, however, only ordered the agency to provide evidence explaining its back pay calculations, including overtime, *see* CRF, Tab 8 at 2, and the agency has done so. The appellant has not identified any error in the overtime history that served as the basis for the agency's determination.

¶5 The agency found that the appellant was not entitled to premium pay because she did not work on Sundays during the year prior to the back pay period. CRF, Tab 10, Exhibit A at ¶ 6. Similarly, the agency found that the appellant was not entitled to out-of-schedule premium pay because she did not work before her scheduled time. *Id*. The agency determined that the appellant was entitled to 1,084.02 hours of night differential for a net amount of $250.81, which was paid by check on November 14, 2013. CRF, Tab 10, Exhibit A at ¶ 4, Tab 12. The appellant has not identified any errors in the agency's records or its methodology.

The agency has established that it properly computed the interest on the appellant's back pay award.

¶6 The agency paid the appellant $117.35 in interest on back pay on July 24, 2013, CRF, Tab 3 at 2, and an additional $.95 interest based on the adjustment in the agency's night differential calculation, CRF, Tab 13. The agency states that, pursuant to the Employee and Labor Relations Manual (ELM), the rate of interest for nonveterans paid on a back pay award pursuant to a Board decision is calculated using the Federal Judgment Rate, 28 U.S.C. § 1961. CRF, Tab 10 at 5. The appellant counters that the interest rate applied by the agency "does not equal

the rate used with the Board's order, nor the Federal Judgment Rate." CRF, Tab 14 at 7.

¶7        As specified by the ELM, the agency correctly applied the Federal Judgment Rate for a nonpreference eligible employee. *See Driscoll v. U.S. Postal Service*, 113 M.S.P.R. 565, ¶ 9 (2010). The ELM provides that the interest rate to be used is the rate in effect 7 days prior to the date of the award. *Id*. Here, the administrative judge issued the initial decision awarding back pay on May 23, 2013. *See* CID. Therefore, the interest rate in effect on May 16, 2013, is the applicable interest rate in this case. According to a website maintained by the Administrative Office of the United States Courts, the Federal Judgment Rate for the week ending May 17 was .12 percent. *See Post-Judgment Interest Rate, 2013*, http://www.utd.uscourts.gov/documents/int2013.html. The agency correctly applied the .12 rate in computing the interest due on the appellant's back pay. *See* CRF, Tab 10, Exhibit C. Therefore, we find the agency in compliance with respect to interest on back pay.

The agency has established that it properly restored the appellant's leave.

¶8        Based on the 2,538.66 back pay hours, the agency determined that the appellant was owed 256 hours of annual leave and 128 hours of sick leave. CRF, Tab 10, Exhibit B at ¶ 4 (Declaration of Accounting and Control Specialist). The agency further adjusted the appellant's annual leave to restore an additional 18.74 hours and her sick leave to restore 80.40 hours as indicated on the PS Form 8039. *Id*. The agency states that the appellant was paid 72 hours of sick leave as part of the back pay award. *Id*. As a result of these adjustments, the agency credited the appellant's annual leave account with 274.74 hours (256 + 18.74) and her sick leave account with 136.40 hours (128 + 80.40 – 72). *Id*. The appellant disputes the agency's leave calculation, *see* CRF, Tab 14 at 6, but has not identified any errors. Therefore, we find the agency has complied in restoring the appellant's leave accounts.

The agency has produced evidence that the appellant was compensated for official time.

¶9    In a "Motion to Compel" dated June 27, 2013, the appellant requested that the Board order the agency to grant her official time for her participation in the compliance hearing held on May 21, 2013.  CRF, Tab 1.  On September 18, 2014, the Board issued a show cause order with respect to the appellant's official time claim.  CRF, Tab 16.  The agency responded with evidence showing that the appellant was in a paid status for the compliance hearing.  CRF, Tab 17.  In her reply, the appellant does not dispute this evidence but states that the agency should also have produced evidence with respect to the earlier hearing on the merits.  CRF, Tab 18 at 1.  We note that, in raising the official time issue, the appellant referred only to the compliance hearing on May 21, 2013.  *See* CRF, Tab 1 at 1.  In any event, the January 20, 2012 merits hearing falls within the back pay period.  Consequently, the agency has met its official time obligations.

¶10    Accordingly, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.